IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                             )
**RODKEEDA JORDAN**                            )
**25 46th Street, N.E.**                              )
**Washington, DC  200019,**                   )
                            **Plaintiff,**      )
                                                             )
**v.**                                                       )
                                                             )
**DISTRICT OF COLUMBIA**                   )
**One Judiciary Square**                           )
**441 Fourth Street, NW**                         )
**Washington, DC  20001,**                     )
                           **Defendant.**   )
_____)

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Rodkeeda Jordan, on behalf of her minor son W.M. and through undersigned counsel, for her complaint herein alleges as follows:

**INTRODUCTION**

1.  This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a judgment declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied W.M. free appropriate public education ("FAPE") in various ways, and ordering DCPS to fund certain independent evaluations and to convene an individualized education program ("IEP") team meeting following the completion of those evaluations for the purposes of revising the IEP in accordance with the results of the evaluations and developing a compensatory education plan to compensate W.M. for the past denial of FAPE.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.  The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer dismissed the Petitioner's complaint.

**PARTIES**

4.  Rodkeeda Jordan is the adult mother of W.M., a thirteen-year-old boy. Ms. Jordan and W.M. reside together in Washington, DC.

5.  The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6.  The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

**FACTS**

7.  W.M. was enrolled in DCPS schools during the 2003-2003, 2003-2004, 2004-2005, 2005-2006, and 2006-2007 school years.

8.  DCPS has had reason to suspect, with the regards to W.M., the presence of disabilities warranting a functional behavioral assessment ("FBA") since the 2002-2003 school year, at the latest.

9.  DCPS has had reason to suspect, with the regards to W.M., the presence of attention deficit hyperactivity disorder ("ADHD") since April 2003, at the latest.

10. DCPS has suspected, with the regards to W.M., the presence of disabilities warranting a clinical psychological evaluation, an ADHD evaluation, an occupational therapy ("OT") evaluation, a speech and language evaluation, and a social history since November 7, 2006, at the latest.

11. DCPS has not performed a psychological evaluation of W.M. since October 2002.

12. DCPS has not performed an educational evaluation of W.M. since October 2002.

13. DCPS has not performed a psychoeducational evaluation of W.M. since October 2002.

14. DCPS has not performed a comprehensive psychological evaluation of W.M. since October 2002.

15. DCPS has not performed a clinical psychological evaluation of W.M. since April 2003.

16. DCPS has not evaluated W.M. for ADHD since April 2003.

17. DCPS has never performed a functional behavioral assessment of W.M..

18. DCPS has not performed an occupational therapy evaluation of W.M. since November 7, 2006.

19. DCPS has not performed a speech and language evaluation of W.M. since November 7, 2006.

20. DCPS has not performed a social history evaluation of W.M. since November 7, 2006.

21. DCPS developed IEPs for W.M. on or about September 24, 2003, May 19, 2004, and April 19, 2006.

22. DCPS has developed no IEP for W.M. other than the IEPs of September 24, 2003, May 19, 2004, and April 19, 2006.

23. None of the IEPs was based on current evaluations in all area of suspected disability.

24. None of the IEPs prescribed all necessary specialized instruction and related services. None of the IEPs identified an appropriate school placement. None of the IEPs was appropriate for W.M..

25. DCPS did not provide W.M. with all of the specialized instruction and related services prescribed in his IEPs.

26. DCPS has never provided W.M. with an appropriate special education school placement.

## COUNT I: FAILURE TO PERFORM EVALUATIONS

27. The allegations of Paragraphs 1-26 above are incorporated herein as if repeated verbatim.

28. The IDEA requires DCPS to perform an evaluation for any child with a disability in its jurisdiction when DCPS determines that the child's needs warrant the evaluation, or the child's parents or teacher requests the evaluation.

29. The IDEA requires DCPS to re-evaluate every child with a disability in its jurisdiction at least every three years.

30. In failing to perform a psychological, educational, psychoeducational, or comprehensive psychological evaluation of W.M. since October 2002, failing to perform a clinical psychological evaluation of W.M. since April 2003, failing to evaluate W.M. for ADHD since April 2003, and failing ever to perform a functional behavioral

assessment, an occupational therapy evaluation, a speech and language evaluation, or a social history evaluation of W.M., DCPS has violated and continues to violate the IDEA.

31. As a result of this violation, W.M. has experienced and continues to experience harm to his educational development.

### COUNT II: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

32. The allegations of Paragraphs 1-31 above are incorporated herein as if repeated verbatim.

33. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction FAPE.

34. In failing to perform evaluations of W.M. as recounted above, to develop an appropriate IEP for W.M., to provide W.M. with the specialized instruction and related services prescribed in his IEPs, and to provide W.M. an appropriate school placement, DCPS has denied and continues to deny W.M. his right to FAPE under the IDEA.

35. As a result of this denial, W.M. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) declare that DCPS violated the IDEA and denied W.M. FAPE by failing to conduct and review comprehensive psychological, occupational therapy, educational, speech and language, social history, and ADHD evaluations of W.M., and a functional behavioral assessment of him;

2) declare that DCPS violated the IDEA and denied W.M. FAPE by failing to develop an appropriate IEP for W.M. since December 2003, failing to provide all necessary

specialized instruction and related services to W.M. since December 2003, and failing to provide him with an appropriate school placement from December 2003 through March 2007;

3) order DCPS to fund independent comprehensive psychological, occupational therapy, educational, speech and language, social history, and ADHD evaluations of W.M., and a functional behavioral assessment of W.M., each at market rate;

4) order DCPS to convene an IEP team meeting within ten days of receiving the last completed of those evaluations, and at that meeting to review the results of those evaluations, to revise W.M.'s IEP as appropriate and to develop a compensatory education plan at the IEP meeting to compensate W.M. for the violations identified in this Complaint;

5) award the Plaintiff attorneys' fees and costs of this action; and

6) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
Phone:  (202) 265-4260
Fax:  (202) 265-4264

6

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Rodkeeda Jordan
on behalf of her minor child, W.M.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave, NW
Suite 400
Washington, DC 20009

## DEFENDANTS
District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00795
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/1/2007
Description: ADMIN AGENCY REVIEW

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ● C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [x] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. sec. 1400 et seq.; IDEA case for declaratory relief, funding of independent evaluations, and an injunction to convene an IEP meeting

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐  NO ☒   If yes, please complete related case form.

DATE 05/01/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

JTC

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

```
Court Name: District of Columbia
Division: 1
Receipt Number: 4616003976
Cashier ID: lwebb
Transaction Date: 05/02/2007
Payer Name: Tyrka And Associates
----------------------------------
CIVIL FILING FEE
 For: Tyrka And Associates
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1092
 Amt Tendered: $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

07-0795

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.
```

...ained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by ...oved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of ...quently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips ...e Roman Numerals on the Cover Sheet.

...ISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of ...ident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

...S: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section

...F SUIT: The assignment of a judge to your case will depend on the category you select that best represents the ...plaint. You may select only one category. You must also select one corresponding nature of suit found under

...tatute under which you are filing and write a brief statement of the primary cause.

...ated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's

...ation, you should ensure the accuracy of the information provided prior to signing the form.