UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODKEEDA JORDAN** : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **DISTRICT OF COLUMBIA** : <br> : <br> Defendant. : <br> : | Civil Action No. 07-0795 (CKK) |

## DEFENDANT'S MOTION TO DISMISS

The Defendant, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), moves for dismissal of the Complaint herein. As shown in the attached memorandum of points and authorities, this Court does not have jurisdiction over Plaintiff's Claims. An appropriate proposed Order is also attached.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the
    District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    */s/ Edward P. Taptich*
    EDWARD P. TAPTICH [#012914]
    Chief, Equity Section II

    */s/ Amy Caspari*
    Amy Caspari [#488968]
    Assistant Attorney General
    441 Fourth Street, N.W.
    Sixth Floor South
    Washington, D.C. 20001

August 6, 2007

(202) 724-7794
email:  amy.caspari@dc.gov

Case 1:07-cv-00795-CKK     Document 2     Filed 08/06/2007     Page 2 of 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODKEEDA JORDAN,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 07-0795 (CKK) |
| : | |
| **DISTRICT OF COLUMBIA,** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

On May 1, 2007, Plaintiff filed the captioned complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Complaint, ¶1. Plaintiff requests this Court to order DCPS to fund comprehensive evaluations, and to convene and hold an Individualized Education Plan ("IEP") meeting for student W.M. Complaint, generally. However, the Complaint, on its face, fails to demonstrate that this action is properly before the Court.

**ARGUMENT**

**I.      Standards of Dismissal Under Fed. R. Civ. P. 12 (b)(1).**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). "A motion to dismiss under 12(b)(1) for lack of standing . . . involves an examination of the face of the complaint," Al-Owhali v. Ashcroft, 279 F.Supp.2d 13, 20 (D.D.C. August 29, 2003) (quoting Haase v. Sessions, 835 F.2d at 908 (D.C.Cir. 1987). "A Rule 12(b)(1) attack that

3

is facial in nature, i.e., that . . . does not dispute the facts underlying the ripeness of the complaint . . . as opposed to [a] factual [challenge], is a direct attack on . . . both the sufficiency of the pleadings and the subject matter jurisdiction of the challenged court." Id. (internal citations omitted).

In considering a motion to dismiss for lack of subject matter jurisdiction, a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs.  *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.      This Court Lacks Jurisdiction Over Plaintiff's Complaint.**

   **A.   The complaint fails to state a cause of action under IDEIA**

IDEIA provides specific procedures whereby challenges to DCPS determinations concerning eligibility of students for special education services, individualized education plans, school placement decisions, etc., are to be addressed. The administrative propcess described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer, at the conclusion of which a Hearing Officer's Decision ("HOD") – containing findings of fact and conclusions concerning the disputed matters – is issued. See 20 U.S.C. § 1415(f) et seq.

If the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought.  Jurisdiction for court review of an HOD is found at 20 U.S.C. 1415 (i)(2)(A):

4

> Any party aggrieved by the findings and decision made [in an administrative due process hearing] . . . shall have the right to bring a civil action with respect to the [administrative] complaint . . . which action may be brought . . . in a district court of the United States, without regard to the amount in controversy.

Accordingly, to establish an entitlement to court review under IDEIA, a plaintiff's complaint must at least aver that necessary administrative processes have been employed, that an identified HOD has been issued, and that the plaintiff is a party aggrieved by that HOD.

The complaint herein, however, is devoid of any such showings – or even such assertions. *Nowhere* does the complaint state that the Plaintiff was a party to an identified administrative hearing proceeding under IDEIA conducted by DCPS, or that an HOD was issued at the conclusion of any such proceeding (and if so, when), or that the Plaintiff was a party aggrieved by any such HOD, or that this action seeks review of any such HOD.

Instead, the "Jurisdiction and Venue" section of the complaint asserts this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1391(b)(1)and (2), not IDEIA. The complaint states that the Plaintiff

> . . . seeks a judgment declaring that [DCPS] violated the IDEA and denied W.M. free appropriate public education ("FAPE") in various ways, and ordering DCPS to fund certain independent evaluations and to convene an individualized education program ("IEP") team meeting following the completion of those evaluations for the purposes of revising the IEP in accordance with the results of the evaluations and developing a compensatory education plan to compensate W.M. for the past denial of FAPE.

Complaint, ¶ 1. Count I asserts that DCPS' failure to conduct certain evaluations violated some unidentified portion(s) of IDEIA. Complaint, ¶¶ 28-31. Count II asserts DCPS' failure to develop and place the student accordingly violated some unidentified

5

portion(s) of IDEIA. Complaint, ¶¶ 33-35. And the request for relief seeks Court declarations that those failings violated IDEA, and orders that DCPS fund evaluations and develop an "appropriate" IEP thereafter. Complaint, pp. 5-6.

It is true that in the "Jurisdiction and Venue" section of the complaint, the following statement appears (Complaint, ¶ 3):

> The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer dismissed the [Plaintiff's] complaint.

However, nothing more is found in that regard *anywhere* in the complaint – neither the nature, time or place of any such hearing, nor how what is referred to relates to this action. Yet even if it were to be assumed that, notwithstanding the lack of any such indication on the face of the complaint, review of some HOD was what the complaint drafter had in mind, the absence of the time and place of the "hearing" alone is a material omission, rendering the complaint plainly defective.[1]

Ultimately, however, the complaint, even if read most favorably to the Plaintiff, nowhere indicates that it is an "appeal" of *any* HOD, much less an identified one. And nowhere is it even asserted that the Plaintiff is an aggrieved party entitled to court review. In the absence of such showings, this Court is without jurisdiction under IDEIA – or any other Rule or statute – to review the matters recited in the complaint.

---

[1] See, e.g., Fed. R. Civ. P. 9(f): "For the purposes of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." In Wade v Washington Metropolitan Transit Authority, 2005 Westlaw 1513137, (D.D.C. 1995), while noting the liberal pleading standards under the Federal Rules of Civil Procedure, the contemplate liberal notice pleading by the parties, the Court nonetheless found that the omission of allegations of time or place was a fatal deficiency, citing Supreme Wine Co. v. Distributors of New England, 198 F.Supp. 318, 320 (D.Mass.1961) (stating that a complaint that entirely omits any allegation of time or place may be insufficient and subject to dismissal).
     The time and place of an HOD appealed from to this Court are material for several reasons. Among them is that under IDEIA, a complaint in this Court must be filed within ninety days of the issuance of the HOD to be within the proper limitations period. 20 U.S.C. 1415(i)(2)(B). Neither Defendant nor this Court can know whether the proper limitations period is met when there is no identified HOD date.

### B. The face of the complaint shows a failure to exhaust administrative remedies.

The complaint asserts at length DCPS actions, or inactions, said to violate IDEIA – failure to conduct various evaluations of the student (e.g., Complaint, ¶¶ 11-20), or to provide and implement IEPs (Complaint, ¶¶ 21-25), or to properly place the student (Complaint, ¶26). However, as indicated initially, IDEIA prescribes specific administrative procedures for challenging such matters before court review is available. A request for such things may be presented to DCPS; if a DCPS action or inaction is disputed, a due process complaint may be filed, and an administrative hearing and decision may be obtained. Nowhere in the complaint, however, is there any assertion – much less any showing – that the Plaintiff has yet exhausted those required administrative remedies.

The importance of requiring exhaustion of administrative remedies prior to judicial review was laid out in Cox v. Jenkins 278 U.S. App. D.C. 312, 317 (D.c. Cir. 1989) ("a party must pursue all avenues of administrative redress…before seeking judicial review") (citing McKart v. United States, 395 U.S. 185, 193-95, (1969):

> [I]t prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process.

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Moss v. Smith, 794 F. Supp. 11 (D.D.C. 1992). The Moss Court found that the plaintiff was required to exhaust her administrative remedies under the IDEIA

prior to filing suit because the administrative remedies available were neither futile nor inadequate. See id.; see also Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction"). And no such assertion – much less a showing – of futility or inadequacy has been made here.

## CONCLUSION

Based on the face of the Complaint, no action is stated as to which this Court has jurisdiction under IDEIA. The Court has jurisdiction to review HODs, and the complaint contains no material assertion that any HOD is being challenged, and none is identified. Moreover, to the extent the complaint asserts a variety of IDEIA violations resulting from asserted DCPS failings, those are matters which must first be presented to DCPS in accordance with procedures prescribed in IDEIA, and there are no assertions in the complaint that those procedures have been exhausted, or that they are futile or unavailable. Accordingly, the Complaint on its face is insufficient and should be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

|  |  |
|---|---|
|  | ***/s/ Amy Caspari***<br>Amy Caspari [#488968]<br>Assistant Attorney General<br>441 Fourth Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 724-7794 |
| August 6, 2007 | email:  amy.caspari@dc.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODKEEDA JORDAN,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 07-0795 (CKK) |
| **DISTRICT OF COLUMBIA,** : | |
| Defendant. : | |

### ORDER

Upon consideration of Defendant's Motion to Dismiss the Complaint, any responses thereto, and the record herein, it is, this_____day of August, 2007,

**ORDERED,** that Defendant's **M**otion to Dismiss is GRANTED and it is,

**FURTHER ORDERED,** that Plaintiff's Complaint is dismissed without Prejudice.

_____
United States District Judge