IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**RODKEEDA JORDAN**                         )
**25 46th Street, N.E.**                    )
**Washington, DC 200019,**                  )
                         **Plaintiff,**     )   Civil Action No. 07-795 (CKK)
                                            )
v.                                          )
                                            )
**DISTRICT OF COLUMBIA**                    )
**One Judiciary Square**                    )
**441 Fourth Street, NW**                   )
**Washington, DC 20001,**                   )
                         **Defendant.**     )
_____)

**AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Rodkeeda Jordan, on behalf of her minor son W.M. and through undersigned counsel, for her complaint herein alleges as follows:

**INTRODUCTION**

1.  This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a judgment declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied W.M. free appropriate public education ("FAPE") in various ways, and ordering DCPS to fund certain independent evaluations and to convene an individualized education program ("IEP") team meeting following the completion of those evaluations for the purposes of revising the IEP in accordance with the results of the evaluations and developing a compensatory education plan to compensate W.M. for the past denial of FAPE.

1

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.     On January 11, 2007, the Plaintiff participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Public Schools State Enforcement and Investigation Division. In an order issued February 1, 2007, the Hearing Officer dismissed the Petitioner's administrative complaint.

## PARTIES

4.     Rodkeeda Jordan is the adult mother of W.M., a thirteen-year-old boy. Ms. Jordan and W.M. reside together in Washington, DC.

5.     The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6.     The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7.     W.M. was enrolled in DCPS schools during the 2003-2003, 2003-2004, 2004-2005, 2005-2006, and 2006-2007 school years.

8.     DCPS has had reason to suspect, with the regards to W.M., the presence of disabilities warranting a functional behavioral assessment ("FBA") since the 2002-2003 school year, at the latest.

9. DCPS has had reason to suspect, with the regards to W.M., the presence of attention deficit hyperactivity disorder ("ADHD") since April 2003, at the latest.

10. DCPS has suspected, with the regards to W.M., the presence of disabilities warranting a clinical psychological evaluation, an ADHD evaluation, an occupational therapy ("OT") evaluation, a speech and language evaluation, and a social history since November 7, 2006, at the latest.

11. DCPS has not performed a psychological evaluation of W.M. since October 2002.

12. DCPS has not performed an educational evaluation of W.M. since October 2002.

13. DCPS has not performed a psychoeducational evaluation of W.M. since October 2002.

14. DCPS has not performed a comprehensive psychological evaluation of W.M. since October 2002.

15. DCPS has not performed a clinical psychological evaluation of W.M. since April 2003.

16. DCPS has not evaluated W.M. for ADHD since April 2003.

17. DCPS has never performed a functional behavioral assessment of W.M..

18. DCPS has not performed an occupational therapy evaluation of W.M. since November 7, 2006.

19. DCPS has not performed a speech and language evaluation of W.M. since November 7, 2006.

20. DCPS has not performed a social history evaluation of W.M. since November 7, 2006.

21. DCPS developed IEPs for W.M. on or about September 24, 2003, May 19, 2004, and April 19, 2006.

22. DCPS has developed no IEP for W.M. other than the IEPs of September 24, 2003, May 19, 2004, and April 19, 2006.

23. None of the IEPs was based on current evaluations in all area of suspected disability.

24. None of the IEPs prescribed all necessary specialized instruction and related services. None of the IEPs identified an appropriate school placement. None of the IEPs was appropriate for W.M..

25. DCPS did not provide W.M. with all of the specialized instruction and related services prescribed in his IEPs.

26. DCPS has never provided W.M. with an appropriate special education school placement.

### COUNT I: FAILURE TO PERFORM EVALUATIONS

27. The allegations of Paragraphs 1-26 above are incorporated herein as if repeated verbatim.

28. The IDEA requires DCPS to perform an evaluation for any child with a disability in its jurisdiction when DCPS determines that the child's needs warrant the evaluation, or the child's parents or teacher requests the evaluation.

29. The IDEA requires DCPS to re-evaluate every child with a disability in its jurisdiction at least every three years.

30. In failing to perform a psychological, educational, psychoeducational, or comprehensive psychological evaluation of W.M. since October 2002, failing to perform

4

a clinical psychological evaluation of W.M. since April 2003, failing to evaluate W.M. for ADHD since April 2003, and failing ever to perform a functional behavioral assessment, an occupational therapy evaluation, a speech and language evaluation, or a social history evaluation of W.M., DCPS has violated and continues to violate the IDEA.

31.     As a result of this violation, W.M. has experienced and continues to experience harm to his educational development.

## COUNT II: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

32.     The allegations of Paragraphs 1-31 above are incorporated herein as if repeated verbatim.

33.     The IDEA requires DCPS to provide all children with disabilities in its jurisdiction FAPE.

34.     In failing to perform evaluations of W.M. as recounted above, to develop an appropriate IEP for W.M., to provide W.M. with the specialized instruction and related services prescribed in his IEPs, and to provide W.M. an appropriate school placement, DCPS has denied and continues to deny W.M. his right to FAPE under the IDEA.

35.     As a result of this denial, W.M. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) declare that DCPS violated the IDEA and denied W.M. FAPE by failing to conduct and review comprehensive psychological, occupational therapy, educational, speech and language, social history, and ADHD evaluations of W.M., and a functional behavioral assessment of him;

5

2) declare that DCPS violated the IDEA and denied W.M. FAPE by failing to develop an appropriate IEP for W.M. since December 2003, failing to provide all necessary specialized instruction and related services to W.M. since December 2003, and failing to provide him with an appropriate school placement from December 2003 through March 2007;

3) order DCPS to fund independent comprehensive psychological, occupational therapy, educational, speech and language, social history, and ADHD evaluations of W.M., and a functional behavioral assessment of W.M., each at market rate;

4) order DCPS to convene an IEP team meeting within ten days of receiving the last completed of those evaluations, and at that meeting to review the results of those evaluations, to revise W.M.'s IEP as appropriate and to develop a compensatory education plan at the IEP meeting to compensate W.M. for the violations identified in this Complaint;

5) award the Plaintiff attorneys' fees and costs of this action; and

6) award any other relief the Court deems just.

                                      Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
Phone:  (202) 265-4260
Fax:  (202) 265-4264