IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                       )
RODKEEDA JORDAN,                       )
                     Plaintiff,        )
                                       )
v.                                     )   Civil Action No. 07-795 (CKK)
                                       )
DISTRICT OF COLUMBIA,                  )
                     Defendant.        )
_____)
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

      The only alleged deficiency in the Plaintiff's May 1, 2007 Complaint, that it fails to contain "any assertion, much less showing – that the Plaintiff has yet exhausted…administrative remedies" (Def.'s Mot. 7) is inaccurate. Furthermore, even if that assertion were true, such a failure would not amount to a fatal deficiency of the Complaint. Because the Defendant's Motion to Dismiss fails to state any ground for dismissal under Federal Rule of Civil Procedure 12(b)(1), and because the additional information sought by the Defendant has now been obtained, this Court should deny its Motion to Dismiss.

BACKGROUND

      On May 1, 2007, the Plaintiff filed her Complaint in this case. In the Complaint, the Plaintiff alleged that the Defendant had violated the IDEA and denied her minor son W.M. free appropriate public education ("FAPE") by "failing to perform evaluations of W.M....to develop an appropriate IEP for W.M., to provide W.M. with the specialized instruction and related services prescribed in his IEPs, and to provide W.M. an appropriate school placement." As relief, the Plaintiff requested a specific declaratory judgment, funding for independent evaluations, and

a meeting to accomplish certain objectives.

In the "Jurisdiction" section of the Complaint, the Plaintiff alleged, inter alia:

The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer dismissed the Petitioner's complaint.

The "Facts" section of the Complaint contains 20 numbered statements regarding W.M.'s disabilities and his evaluation, IEP, and placement history. The Complaint contains nine more statements regarding the Complaints two counts, "failure to perform evaluations" and "failure to provide free appropriate public education."

The Defendant did not file an Answer to the May 1, 2007 Complaint. Instead, on August 6, 2007, the Defendant filed its Motion. In the Motion, the Defendant argues that "[t]he complaint fails to state a cause of action under IDEIA"[1] because, according to the Defendant, the Complaint contains no allegation that a hearing occurred, that an HOD was issued, or that the Plaintiff was aggrieved by the HOD. The Defendant also argues that "[t]he face of the complaint shows a failure to exhaust administrative remedies" because the Complaint contains no "assertion – much less a showing" of the exhaustion of administrative remedies.[2]

The day after the Defendant filed its Motion, a representative of Plaintiff's counsel telephoned Plaintiff's counsel to request the name of the child in question and the date of the administrative hearing. Plaintiff's counsel provided that information the next day.

---

[1] The Defendant incorrectly states in its Motion that the Plaintiff brought her Complaint under the IDEIA, the Individuals with Disabilities Education Act of 2004, the act that amended the Individuals with Disabilities Act. However, 20 U.S.C. § 1400 et seq. remains the "Individuals with Disabilities Act." See, e.g., Jester v. Gov't of the Dist. of Columbia, 474 F.3d 820, 821 (D.C. Cir. 2007) (referring repeatedly to the requirements of the "Individuals with Disabilities Education Act (IDEA)").

[2] The Plaintiff cannot distinguish between these two arguments, but the Defendant separated them in its Motion. If the Defendant's position is that there is something more to exhaustion than the receipt of an adverse decision, it did not make it clear in its Motion. If the Defendant, in its reply, makes the argument that something more is required for exhaustion, the Plaintiff will request leave to file a surreply to respond to that argument.

On August 9, 2007, the Plaintiff filed an Amended Complaint as a matter of right.[3] The Amended Complaint contains changes only to the paragraph excerpted above regarding the administrative hearing, which identify the date of the administrative hearing and the subsequent HOD, and state that the hearing was "of the claims made in this Complaint" and "conducted by the District of Columbia Public Schools State Enforcement and Investigation Division."

On August 13, 2007, because the court's Electronic Case Filing office had not yet entered the Amended Complaint, Plaintiff's counsel sent a courtesy copy of the Amended Complaint to Defendant's counsel, and asked if the Defendant intended to withdraw its Motion as moot as a result. Defendant's counsel responded, "We do not believe the word changes you've added in the amended complaint resolve the issues we've raised."

## ARGUMENT

**I.     THE DEFENDANT'S MOTION IS NOW MOOT**

As noted above, the Defendant bases its Motion on its contentions – true or not – that the Plaintiff had not "identified" a hearing and a decision, had not stated that she was aggrieved, and had not stated that this action "seeks review" of the decision. The Amended Complaint identifies the administrative hearing and the HOD each by date, states that the administrative hearing regarded the same claims made before in the current action, and states that the administrative case was dismissed. All of the Defendant's complaints with the Complaint are therefore now

---

[3] As the Court of Appeals for the D.C. Circuit has noted, "[t]he Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading…we have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15." James. V. Hurson Assocs. v. Glickman, 229 F.3d 277, 282-3 (D.C. Cir. 2000)(internal citations omitted). The Defendant had yet to file an Answer to the May 1, 2007 Complaint when the Plaintiff filed her Amended Complaint on August 9, 2007.

3

resolved.[4]

## II. DISMISSAL IS AN INAPPROPRIATE REMEDY

Were the Defendant's Motion not moot, and were the arguments meritorious to begin with, dismissal would still not be the appropriate remedy. "[T]he defendants may move for a more definite statement of the plaintiffs' claims under Federal Rule of Civil Procedure 12(e)…Because any indefiniteness can be remedied by this less drastic means, the court declines to dismiss the complaint for indefiniteness at this juncture." M.K. v. Tenet, 99 F. Supp. 2d 12, 19 (D.D.C. 2000))(internal citation omitted).

The Defendant could have obtained the information it considers lacking through a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Of course, the Defendant could have obtained the information in a much simpler fashion, via a two-minute telephone call or a one-sentence e-mail. Strangely, as stated above, the day after filing its Motion the Defendant did just that, by telephoning Plaintiff's counsel to ask for the student's full name and the date of the hearing. Plaintiff's counsel quickly responded with that information, plus the date of the HOD.

## III. THE COMPLAINT WAS SUFFICIENT AS ORIGINALLY FILED

The Defendant argues that: 1) failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction (Def.'s Mot. Dismiss 8, quoting Artis v. Greenspan, 223 F. Supp 2d 149, 152 (D.D.C. 2002); and therefore 2) "to establish an entitlement to court review under IDEIA, a plaintiff's complaint must at least aver that necessary administrative processes have been employed, that an identified HOD has been issued, and that the plaintiff is a party aggrieved by that HOD." (Def.'s Mot. Dismiss 5.) The first contention is inarguable, but

---

[4] As noted above, footnote 2, the Defendant also complains that there is no "assertion – much less any showing – of exhaustion." If the Defendant clarifies its argument to contend that there is a necessary element of exhaustion other than the receipt of an adverse decision, the Plaintiff will address that contention in a later filing.

the second is insupportable.

That a failure to exhaust administrative remedies deprives a court of subject matter jurisdiction is well settled. The Plaintiff cites no fewer than four cases in support of this longtime staple of administrative review. (See Def.'s Mot. Dismiss 7-8); see also Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)(referring to the "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted").

The Defendant offers the additional, and far more pivotal premise, that a plaintiff's pleadings must show such exhaustion lest her case be dismissed, without any jurisprudential support whatsoever. Because failure to exhaust is an affirmative defense and because there is no heightened pleading requirement in IDEA cases the Defendant's argument is frivolously wrong.

**A. The Failure to Exhaust Administrative Remedies is an Affirmative Defense.**

The Defendant, in declaring that the Plaintiff has failed to show exhaustion of administrative remedies, nowhere acknowledges that failure to exhaust administrative remedies is an affirmative defense, which the Plaintiff is not required to anticipate in her complaint. See Mondy v. Secretary of Army, 845 F.2d 1051, 1059 footnote 3 (D.C. Cir. 1988); see also Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1996)("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it").

The Supreme Court was recently faced with a circuit court's judgment which had read the Prison Litigation Reform Act of 1995 42 U.S.C. § 1997 et seq. ("PLRA") to require prisoners to plead exhaustion of administrative remedies in their federal court complaints. Jones v. Bock, 127 S. Ct. 910 (2007). Lower courts had inferred a exhaustion pleading requirement in from language

5

in the PLRA stating that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress had gone further still with regard to prisoner complaints by requiring judicial screening of inmate complaints, which may be dismissed sua sponte absent any responsive pleading. See 28 U.S.C. §§ 1915A(a)-(b).

Within that context, a unanimous Court rejected the circuit's heightened pleading standard:

> We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. We understand the reasons behind the decisions of some lower courts to impose a pleading requirement on plaintiffs in this context, but that effort cannot fairly be viewed as an interpretation of the PLRA. … No mere omission …which it may seem wise to have specifically provided for, justifies any judicial addition to the language of the statute. Given that the PLRA does not itself require plaintiffs to plead exhaustion, such a result must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.

Jones, 127 S. Ct. at 921-22. (internal quotations and citations omitted.)

The Defendant has offered absolutely no support for its contention that the Plaintiff must plead exhaustion, much less any reason to change established law. The Defendant's argument for dismissal on that basis is therefore frivolous, and should be rejected.

### B. There Is No Heightened Pleading Requirement in IDEA Cases.

The Supreme Court has stated – unanimously – that Federal Rule of Civil Procedure 8(a) means what it says, and that the specificity requirements of Federal Rule of Civil Procedure 9(b) are not subject to enlargement absent an act of Congress. See e.g. Hill v. McDonough, 126 S. Ct. 2096, 2103 (2006) ("Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal

courts").

The Defendant offers no support for its contention that the Plaintiff must plead exhaustion with specificity, including the "nature, time or place of any...hearing," in addition to other information, in order to meet the Federal Rules' requirement that her Complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a).[5] Instead, the Defendant relies solely on the IDEA's "right to sue" provision:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A).

Nowhere in this provision or elsewhere in the IDEA does Congress attempt to establish heightened pleading standards for such cases.[6] Furthermore, it does not appear that courts have endeavored to establish such heightened requirements, particularly as the Defendant has not cited any authority for its proposed reading. Given the Supreme Court's clear statement on the subject, it's hard to imagine that any court would.

### C. The Plaintiff Adequately Stated Her Grounds for This Court's Jurisdiction.

The Defendant's reliance on Federal Rule of Civil Procedure 9(f) is both misplaced and misleading. From within the only Federal Rule where a heightened pleading standard might be found, the Defendant cites a rule which courts have repeatedly held *not* to require time and place

---

[5] Importantly, the Defendant does not appear to contend that the Plaintiff has failed to exhaust her administrative remedies, but rather that she has failed to plead that she has exhausted them. The significance of this distinction is that the Defendant has made no attempt to show the former, while the Plaintiff's Amended Complaint has completely mooted the latter.

[6] This section likewise refers to this complaint as "a civil action" and not an "appeal", yet the Defendant seems to believe that such an identification is a necessary component of the complaint. (See Def.'s Mot. Dismiss 6. "the complaint, even if read most favorably to the Plaintiff, nowhere indicates that it is an "appeal" of *any* HOD…").

7

to be pled with specificity.[7] See e.g. Supreme Wine Co. Distributors of New England, 198 F. Supp 318, 320 (D. Mass. 1961)("Rule 9(f) does not require specificity in pleading time and place, and the indefiniteness of the allegations made has been held not to justify dismissal of the action.")(internal citation omitted).

Furthermore, the "fatal deficiency" cited by the Defendant from Wade v. Washington Metropolitan Area Transit Authority, 2005 Westlaw 1513137 (D.D.C. 1995) was that plaintiff's failure to include, in her third amended complaint, any statement of the time and place at which alleged incidents of sexual harassment occurred, rendering one of her five claims "insufficient, as it does not give [the defendant] fair notice of the claim against him." Id. Nowhere does the Defendant contend that it lacks sufficient notice of the claims against it – the overriding principle of "notice pleading" – instead alleging, without basis, that the Plaintiff's complaint should be dismissed.[8]

The Plaintiff stated, in her initial complaint, the following basis for this Court's jurisdiction:

> This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).
> The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer dismissed the Petitioner's complaint.

Compl. ¶¶ 2, 3.

In keeping with the language in 20 U.S.C. § 1415, supra, the Plaintiff brought her civil action with respect to her complaint in a district court of the United States pursuant to the IDEA, a law of the United States. She participated in an administrative hearing, where the officer

---

[7] Furthermore, the Plaintiff's complaint – that DCPS has failed to provide her child a free appropriate public education – was accompanied by material averments of time and place. See Compl. ¶¶ 7-16, 21-22, 30.
[8] The Defendant does state that it was unable to determine if it could raise a valid statute of limitations defense, another affirmative defense which the Plaintiff is not required to predict. (Def.'s Mot. Dismiss 6, note 1.)

8

dismissed her complaint. The Defendant's deliberately obtuse reading notwithstanding, the Plaintiff appropriately stated this Court's grounds for jurisdiction, and if the Court were to determine otherwise, such a failing would be easily remedied by a more definite statement of the pleader, as she has already provided, without dispensing of the Plaintiff's claim altogether. As the Defendant has made no showing of the Plaintiff's failure to exhaust administrative remedies,[9] and as the Plaintiff has now shown such exhaustion with all of the specificity demanded by the Defendant, she has appropriately stated grounds for this Court's jurisdiction.[10]

## CONCLUSION

The Defendant here attempts to crack a nut with a sledgehammer. Instead of first telephoning Plaintiff's counsel, or filing a motion for a more definite statement, it has requested dismissal and has continued to press its moot Motion. Without any legal support, the Defendant contends that dismissal is warranted because, it alleges, the Plaintiff's Complaint failed to show, by stating the dates of her administrative hearing and order, that she has exhausted her administrative remedies. Without ever contending that the Plaintiff has actually failed to exhaust those remedies, the Defendant requests dismissal on jurisdictional grounds, yet it has not even attempted to challenge this Court's jurisdiction. This Court has jurisdiction over the Plaintiff's claims, the Defendant's alleged insufficiencies are not fatal flaws of the Plaintiff's Complaint and, accordingly, the Court should deny the Defendant's Motion to Dismiss.

                Respectfully submitted,
                /s/_____
                Douglas Tyrka, #467500
                Tyrka & Associates, LLC

---

[9] This case demonstrates why "failure to exhaust" dismissal motions are generally filed pursuant to Rule 12(b)(6). The Defendant, by dressing its argument in Rule 12(b)(1)'s clothing is transparently attempting to avoid having to make any showing supporting its affirmative defense.

[10] "Moreover, the court is not limited to the allegations contained in the complaint… Instead, to determine whether it has jurisdiction over the case, the court may consider materials outside the pleadings." Lipsman v. Sec'y of the Army, 257 F. Supp. 2d 3, 6 (D.D.C. 2003)(internal citation omitted). If the Court requires a copy of the administrative order at issue, the Plaintiff can provide a redacted or unredacted copy on request.

                    1726 Connecticut Ave. NW, Suite 400
                    Washington, DC 20009
                    (ph) (202) 265-4260
                    (f) (202) 265-4264

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RODKEEDA JORDAN,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-795 (CKK) |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| Defendant. ) | |

## ORDER

In consideration of the Defendant's Motion to Dismiss, it is hereby

ORDERED, that the Motion is DENIED.

_____
Colleen Kollar-Kotelly
United States District Court Judge

1