UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RODKEEDA JORDAN** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-0795 (CKK) |
| **DISTRICT OF COLUMBIA** | : | |
| Defendant. | : | |

## INTRODUCTION

On August 9, 2007, the Plaintiff filed her Amended Complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA"). Amended Complaint, at ¶ 1. The Defendant filed its Motion to Dismiss on August 27, 2007, pursuant to Fed. R. Civ. P. 12(b)(1). The Plaintiff then filed her Opposition on September 7, 2007, and the Defendant here replies to that Opposition.

## ARGUMENT

In its Motion to Dismiss the Amended Complaint ("Motion"), the Defendant argued that, based on the face of the Amended Complaint herein, the Court was without jurisdiction to further entertain this action. It was shown, first, that IDEIA permitted only parties aggrieved by Hearing Officer's Determinations ("HODs") to seek court review of those administrative decisions. Motion p. 5. However, because the Amended Complaint, on its face, did not (among other things) assert jurisdiction under IDEIA 20 U.S.C. § 1415 (i)(2)(A) (Amended Complaint ¶¶ 2 and 3), did not identify how the party was aggrieved by the HOD, did not identify any particular findings or conclusions within any

1

such HOD that the Plaintiff was challenging, and did not in its prayer for relief seek a reversal of any holding the HOD, no cause of action cognizable under IDEIA had been presented. Nor does the Amended Complaint establish subject matter jurisdiction on any other basis.

In her Opposition, Plaintiff alleges that her Amended Complaint eliminated any question regarding the existence of an HOD and that it was also now clear that "the administrative case regarded the same claims as those now before this court." Opposition p. 3. Because Plaintiff's Amended Complaint still did not establish jurisdiction in this Court under the IDEIA, nor did it identify how the Plaintiff was aggrieved by that HOD, nor did it identify any findings or conclusions set forth in the HOD that are being challenged, Defendants filed a motion to dismiss the Amended Complaint for the same reasons.

I. **The Defendant Has Not Made False Statements Regarding the Facts and Regarding the Complaint.**

In her Opposition (p. 2), Plaintiff alleges that the undersigned has made four "plainly false statements" regarding the contents of the Amended Complaint. Much of the Plaintiff's argument here is purely distraction since the Opposition makes these allegations but fails to explain all but one. Opposition pp. 2-3.

Plaintiff further argues that Defendant's argument "this Court does not have jurisdiction over Plaintiff's claims" is a known falsehood. Here, the Opposition devotes itself, not to the adequacy of the Amended Complaint, but to how the undersigned could have rectified the Amended Complaint deficiencies by its own investigation of the facts or an inquiry to Plaintiff's counsel. Opposition p. 3.

The Opposition, however, does not contend that the Amended Complaint anywhere asserts how the Plaintiff was aggrieved by an identified HOD, much less does it specify any findings or conclusions in any such administrative decision that are being challenged here. Thus, it fails to respond to the Defendant's Motion. Indeed, even though the recitations of the Opposition cannot alter the Amended Complaint, the Opposition itself still does not identify any portions of any HOD said to have been improperly arrived at by an administrative hearing officer. Instead, the Opposition basically contends that the Amended Complaint should not be dismissed, not because on its face it adequately expresses a judicially cognizable action, but because the necessary details were available, and if the Defendant's counsel had researched the matter, or telephoned or e-mailed plaintiff's counsel, the Defendant could have figured out what the Plaintiff had in mind. Opposition pp. 3-4.

II.     **Defendant Has Offered Ample Support for its Claim of Lack of Jurisdiction.**

The Amended Complaint herein, on its face, does not (among other things): assert jurisdiction under IDEIA, assert that the Plaintiff was aggrieved by any identified ruling, identify any particular findings or conclusions within any holding of the HOD that the Plaintiff is challenging, and does not, in its prayer for relief, seek a reversal of the HOD. Accordingly, the Defendant argued that no cause of action cognizable under IDEIA had been presented. Nor did the complaint establish subject matter jurisdiction on any other basis. Motion pp 5-7.

The Amended Complaint simply asserts general violations of IDEIA by DCPS, and requested – based on even the most deferential reading of the plain words of the complaint – that this Court determine in the first instance that certain unarticulated

3

actions, or inactions, by DCPS violated the IDEIA. However, as shown in Defendant's Motion, all such matters raised in the Amended Complaint must be addressed first according to the administrative processes prescribed by IDEIA, and to the extent the Plaintiff seeks first consideration of such matters in this Court, she had failed to show an exhaustion of administrative remedies that is a jurisdictional predicate to any action in this Court. Motion pp. 5-8.

Plaintiff fails to address Defendant's motion in this regard. Instead, she argues that there is no requirement for her to plead that she has exhausted her administrative remedies. Opposition p. 8. While that may be true, Defendant's Motion sets forth that in the absence of the proper IDEIA violations being alleged, that it is impossible to establish jurisdiction on any other basis. Motion pp 4-9. Further, the Opposition does not dispute that the IDEIA does not convey jurisdiction to entertain suits generally asserting that DCPS has violated the IDEIA; it establishes jurisdiction to review HODs challenged by aggrieved parties—none of which is reflected in the captioned Amended Complaint.

Moreover, Plaintiff's Amended Complaint, not having cited any relevant sections of the IDEIA that were violated, fails to put the Defendant on notice of the grounds upon which the Court's jurisdiction depends or that the pleader is entitled to relief. The Defendant acknowledges the liberal rules of pleading construction. But there is nonetheless a minimum that must be expressed in a complaint in order to establish the Court's jurisdiction. And the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007), makes clear that indeed there is a need for a measure of clarity and detail required in complaints. Essentially, Bell requires that a Plaintiff show not that a cause of action is possible or probable, but plausible. Id at 1959.

4

Although this is not a heightened pleading requirement, in the Defendant's view, and as explained in its Motion, the Amended Complaint herein lacks the minimum clarity necessary to withstand dismissal for lack of subject matter jurisdiction.

Defendant has shown that Plaintiff has failed to allege jurisdiction under the IDEIA, and has failed to plead IDEIA violations that would properly establish jurisdiction. Therefore, the Defendant has properly supported its position that the allegations on the face of the Amended Complaint are insufficient to state a cause of action. Accordingly, the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Amended Complaint on its face is insufficient and the Defendant's Motion should be granted. In the alternative, should the Court not dismiss the Amended Complaint, it should require the Plaintiff to file a second Amended Complaint, which, at a minimum identifies the findings of fact and/or conclusions of law of the HOD being challenged.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]

5

                                                Assistant Attorney General  
                                                441 Fourth Street, N.W.  
                                                Sixth Floor South  
                                                Washington, D.C. 20001  
September 18, 2007                           (202) 724-7794